UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

THE ONE AND ONLY DENTAL CARE, P.C.

    Plaintiff,

v.

THE ONE AND ONLY COMPLETE DENTAL, P.C.,

    Defendant.

---

Civ. Action #: 15-2643

**COMPLAINT**

**JURY DEMAND**

Plaintiff THE ONE AND ONLY DENTAL CARE, P.C. ("Plaintiff") states the following for its verified complaint against defendant THE ONE AND ONLY COMPLETE DENTAL, P.C. ("Defendant"):

**NATURE OF THE ACTION**

1. Plaintiff files this action against Defendant for service mark infringement under Section 32 (1) of the Federal Trademark (Lanham) Act, 15 U.S.C. § 1114 (1), false designation of origin under 15 U.S.C. § 1125 (a) (1), common law service mark infringement, and service mark infringement under New York General Business Law § 360-k.

2. On or about June 12, 2009, Plaintiff began operating a dentistry office located in Brooklyn, New York under the name "The One and Only Dental."

3. On March 25, 2014, Plaintiff filed for federal trademark protection the words "One and Only" and "One and Only Dental." Plaintiff's mark in the words, "One and Only" became registered with the United States Patent and Trademark Office on October 21, 2014 (Reg. No. 4,624,575), and Plaintiff's mark in the words, "One and Only Dental" became

registered on November 4, 2014 (Reg. No. 4,631,992). Copies of Plaintiff's Certificates of Registration are attached as **Exhibit A**.

4. On or about June 27, 2014, Plaintiff filed state registrations for the words "One and Only" and "One and Only Dental" with the New York Department of State. Both became registered on July 7, 2014 (Reg. Nos. S22958, and S22959). Copies of Plaintiff's New York Department of State Certificates of Service Mark Registration are attached as **Exhibit B**.

5. Defendant is operating a dentistry office in Northern New Jersey under the name "One and Only Complete Dental." Defendant is not connected or affiliated with Plaintiff in any way and is using Plaintiff's mark in the same line of business without authorization and notwithstanding Plaintiff's objections. Defendant's use of the name "One and Only Complete Dental" is likely to cause consumer confusions as to the source of the dentistry services provided and constitutes an infringement on Plaintiff's intellectually property rights in the marks.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under section 39 of the Federal Trademark (Lanham) Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Plaintiff's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

7. This Court has personal jurisdiction over Defendant because Defendant's infringing use of Plaintiff's mark, creates confusion for New York customers and for its internet users as to the source of services offered by Defendant. Defendant should have reasonably expected that its infringing use would have subjected it to New York jurisdiction. Defendant also solicits business from New York customers by online advertisements. Defendant may also be diverting Plaintiff's customers.

8. Venue is proper pursuant to 28 U.S.C. §1391(a).

9. No other forum would be more convenient for the parties and witnesses to litigate this action.

10. New York law applies to all claims set forth in this Verified Complaint as Defendant's infringement has caused harm to Plaintiff in New York and the acts giving rise to the claims set forth herein have a shared nexus with New York.

## PARTIES

11. Plaintiff is a New York Professional Corporation having its office and principal place of business at 2250 86th Street, 2nd Floor, Brooklyn, New York 11214.

12. Defendant is a New Jersey Professional Corporation having offices located at 765 Queen Anne Road, Teaneck, New Jersey 07666 and 439 60th Street, West New York, New Jersey 07093.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. For the last six years Plaintiff has been providing dental services to consumers throughout the New York Metropolitan area including those customers residing in Northern New Jersey, under the name, "One and Only Dental."

14. Plaintiff has continuously used the name "One and Only Dental" to identify its dental services without interruption, expending significant time and money advertising and promoting Plaintiff's services under the name "One and Only Dental."

15. The name "One and Only Dental" appears on all advertising materials and is the registered domain name for the promotional website operated by Plaintiff.

16. On March 25, 2014, Plaintiff filed for federal registration of the marks "One and Only" and "One and Only Dental" (the "Marks").

17. On or about June 27, 2014, Plaintiff filed for state registration of the Marks with the New York Department of State.

18. The Marks were registered with the New York Department of State on July 7, 2014 (Reg. Nos. S22958, and S22959).

19. "One and Only" was federally registered on October 21, 2014 (Reg. No. 4,624,575).

20. "One and Only Dental" was federally registered on November 4, 2014 (Reg. No. 4,631,992).

21. In or about February of 2014, Plaintiff learned that Defendant had been providing dental services under the name, "The One and Only Complete Dental."

22. Defendant began advertising under the name "The One and Only Complete Dental" on various webpages, including Yelp.com and Zocdoc.com.

23. Plaintiff sent Defendant a cease and desist letter on November 14, 2014.

24. On November 21, 2014, Defendant responded that it would not cease using its confusingly similar name "The One and Only Complete Dental." Defendant also asserted that it had been operating under its current name since July 1, 2013, and thus has priority of use of the mark for the Northern New Jersey area.

25. Defendant does not have priority in the use of the marks.

26. On or about, November 26, 2014, Plaintiff once again requested that Defendant cease its infringing use of Plaintiff's Marks.

27. On February 25, 2015, Plaintiff's sent a final notice requesting that Defendant immediately cease its infringing use of Defendant Marks.

**FIRST CLAIM FOR RELIEF**
**(Service Mark Infringement)**

28. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 27 of the Verified Complaint, as more full set forth at length herein.

29. The Marks, "One and Only" and "One and Only Dental," are suggestive of Plaintiff's dental services.

30. By Defendant's unauthorized and unlawful actions, Defendant, without Plaintiff's consent, is using in commerce a colorable imitation of Plaintiff's Marks. Defendant's actions are likely to cause confusion or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114 (1).

31. By committing the acts alleged herein, Defendant has intentionally, knowingly, and willfully infringed on Plaintiff's Marks with the intention of reaping the benefit of Plaintiff's goodwill and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

32. Because of Defendant's infringement, Plaintiff has been irreparably harmed in its business. Moreover, Plaintiff will continue to suffer irreparable harm unless Defendant is restrained and enjoined from infringing Plaintiff's Marks. Plaintiff is entitled to an injunction prohibiting Defendant from using the "One and Only Complete Dental" to advertise or solicit business in any fashion pending a final resolution on the merits. Plaintiff has no adequate remedy at law that will compensate for the continued irreparable harm it will suffer if Defendant's acts are allowed to continue.

33. As a direct and proximate result of Defendant's willful and wanton conduct, Plaintiff has suffered, and will suffer substantial damages and is entitled to recover damages which include any and all profits Defendant has made as a result of their wrongful conduct under 15 U.S.C. § 1117(a).

34. In addition, because Defendant's actions are willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).

35. Plaintiff is also entitled to recover costs and attorney's fees under 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
(False Designation of Origin)

36. Plaintiff repeats and realleges the allegations each and every allegation set forth in paragraphs 1 through 35 of the Verified Complaint, as more full set forth at length herein.

37. Defendant's offering for sale and sale of services Plaintiff's Marks constitute a false designation of origin and false descriptions or representations that Defendant's dental services originate from or are authorized by Plaintiff, when in fact they are not. Such conduct limits Plaintiff's ability to interact with potential consumers and gain business through advertising and promotion bearing Plaintiff's Marks.

38. As a result of Defendant's unauthorized use of Plaintiff's Marks, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendant's dental services.

39. Defendant's conduct is willful, intended to reap the benefit of Plaintiff's goodwill, and violated Section 43(a)(1)(A) of the Lanham Act, 15. U.S.C. § 1125(a)(1)(A).

40. Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

41. As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer damages. Plaintiff is entitled to injunctive relief. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Plaintiff's service marks are unique and valuable property which have no readily determinable market

value, (b) Defendant's infringement constitutes harm to Plaintiff such that Plaintiff could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendant's wrongful conduct, and the resulting damage to Plaintiff, is continuing.

### THIRD CLAIM FOR RELIEF
(Common Law Trademark Infringement)

42. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 43 of the Verified Complaint, as more full set forth at length herein.

43. Plaintiff has common law rights in the Marks based on its continuous use since 2009 of them in the New York metropolitan area in connection with its advertising and solicitation of its dental services.

44. Defendant's unauthorized use of Plaintiff's Marks to promote, advertise, market, and/or sell Defendant's services is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Defendant's services, or as to a connection or affiliation with Plaintiff, or permission of Plaintiff, that does not exist, and caused irreparable harm to Plaintiff for which there is no adequate remedy at law.

45. Defendant's conduct constitutes common law trademark infringement.

46. Despite Defendant's actual and constructive knowledge of Plaintiff's ownership and prior use of the Marks, Defendants have continued to use the service marks without Plaintiff's consent.

47. Defendant's actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiff in its "One and Only" and "One and Only Dental" service marks.

48. Plaintiff has sustained injury, damage and loss based on Defendant's actions.

## FOURTH CLAIM FOR RELIEF
### (Service Mark Infringement under General Business Law § 360-k)

49. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 48 of the Verified Complaint, as more full set forth at length herein.

50. Plaintiff's Marks are validly registered with the New York Department of State (*see* Ex. B).

51. Defendant's use of the name "The One and Only Complete Dental" is a colorable imitation of Plaintiff's registered Marks, likely to cause confusion among consumers in the New York Metropolitan area so as to deceive them of as to the source, sponsorship, or affiliation of Defendant's dental services.

52. Defendant continuously operate under "The One and Only Complete Dental" without Plaintiff's consent with the intent of causing such confusion and deception.

53. Defendant's conduct constitutes a violation of New York General Business Law 360-k.

54. Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

55. As a result of Defendant's conduct Plaintiff is entitled to injunctive relief under New York General Business Law § 360-I.

56. Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, The One and Only Dental Care, P.C., respectfully requests judgment against Defendant, The One and Only Complete Dental, P.C., as follows:

1.  That a preliminary and permanent injunction be issued enjoining Defendant, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendant, and each of them who receives notice directly or otherwise of such injunction from:

    a) Using the "One and Only" and "One and Only Dental" service marks, or any other trademarks or service marks confusingly similar to the "One and Only" and "One and Only Dental" service marks, for dental services, or making any other unlawful use of the the "One and Only" and "One and Only Dental" service marks, or any other service marks or trademarks owned by Plaintiff;

    b) Using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any service offered for sale, or sold by Defendant is in any manner associated with or connected with Plaintiff, or is licensed, sponsored, approved, or authorized by Plaintiff;

    c) Disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to any dental services offered in connection with the "One and Only" and "One and Only Dental" service marks, or any mark or designation that is confusingly similar to the "One and Only" and "One and Only Dental" service marks;

    d) Instructing, assisting, aiding or abetting any other person or entity to engage in or perform any of the activities referred to in subparagraphs (a) through (c) above.

2. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) & (b), arising out of Defendant's acts of willful trademark infringement.

3. Awarding to Plaintiff pre-judgment interest, on the forgoing sums.

4. Awarding to Plaintiff its costs of this civil action, including reasonable attorney's fees and expenses, pursuant to 15 U.S.C. § 1117(a) and (b).

5. Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the court finds appropriate.

6. Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any services offered, advertised, or promoted by or on behalf of Defendant are authorized by Plaintiff or related in any way to Plaintiff's services.

7. Directing that Defendants file with the court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the above.

8. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: May 6, 2015

By: *[signature]*
Eve Y. Searls, Esq.
SEARLS SHLEYMOVICH, P.C.
*Attorneys for Plaintiff*
*The One and Only Dental Care, P.C.*
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone: (212) 203-8356
Facsimile: (212) 203-3897
E-mail: es@plslaw.net